# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JASON KEITH WILLIAM BARKER,      CASE NO. 2:09-cv-325
                                     JUDGE SARGUS
         Petitioner,             MAGISTRATE JUDGE KEMP

v.

TIMOTHY BRUNSMAN, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Third District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 12, 2006, Barker entered the Kroger pharmacy in Marysville, Ohio. He entered the employee section of the pharmacy through the half-door and encountered the pharmacist. He told the pharmacist that he was "DTing" (detoxing) and ordered her to open the safe and give him all the Oxycontin and Dilaudid. The pharmacist complied and gave him at least 170 Hydromorphones and 300 Oxycodone in a plastic bag. Barker then left the store.
>
> On July 18, 2005,, (sic) the grand jury indicted Barker on the following charges: Count I, theft of drugs, a violation of R.C. 2913.02(A)(1), (B)(6), a fourth-degree felony; Count II,

safecracking, a violation of R.C. 2911.31(A), a fourth-degree felony; County III, possessing criminal tools, a violation of R.C. 2923.24(A), (C), a fifth-degree felony; Counts IV and V, aggravated possession of drugs, violations of R.C. 2925.11(A), (C)(1)(c), second-degree felonies; Count VI, aggravated possession of drugs, a violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count VII, robbery, a violation of R.C. 2911.02(A)(3), a third-degree felony. Barker pled not guilty to the charges at arraignment.

On August 7, 2006, the parties filed a sentencing recommendation. Barker agreed to plead guilty to Counts I, II, IV, V, and VII, and the State of Ohio agreed to dismiss Counts III and VI. Also as part of the bargain, the state agreed to recommend an aggregate sentence of eleven years in prison. However, on August 14, 2006, the parties filed an amended sentencing recommendation, which deviated from the prior version only as to sentencing. In the amended form, the state agreed to recommend an aggregate prison term of five years. The amended sentencing recommendation was signed by the assistant prosecutor, Barker's attorney, and Barker.

On August 15, 2006, the trial court held a change of plea hearing. As agreed, Barker pled guilty to Counts I, II, IV, V, and VII, and the state dismissed the remaining two charges. Barker signed the "entry withdrawing plea of not guilty, entering plea of guilty and referral for presentence investigation." On September 6, 2006, the trial court held the sentencing hearing and filed its judgment entry. At the hearing, the trial court sentenced Barker to five years in prison on Counts IV and V, to be served concurrently to each other, three years in prison on Count VII, to be served consecutively to Counts IV and V, and 13 months in prison on Counts I and II, to be served concurrently to each other but consecutively to all other counts. After outlining this sentence on the record, the court asked Barker if he had any questions. Barker asked the court, "What is the total amount of time?" The court answered, "The same that you agreed to take." However, the trial court's orders, which were journalized, resulted in an aggregate prison term of nine years and one month. Barker appeals his sentence, asserting one assignment of error for our review.

> The trial court erred when it indicated it honored the sentence recommendation, but imposed a different sentence.

*State v. Barker*, 2007 WL 1175293 (Ohio App. 3rd dist. April 23, 2007). On April 23, 2007, the appellate court sustained petitioner's assignment of error due to ambiguity or inconsistency in the record regarding the trial court's intended sentence, and remanded the case for re-sentencing. *Id.* According to the petition, on June 25, 2007, the trial court re-sentenced him to nine years and one month incarceration. Petitioner indicates that he filed a timely appeal, in which he asserted that he had been denied due process by imposition of consecutive sentences. On April 24, 2008, the appellate court affirmed the trial court's judgment. On October 1, the Ohio Supreme Court dismissed petitioner's subsequent appeal.

On April 24, 2009, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> Petitioner was deprived of due process of law by the imposition of consecutive sentences absent subject matter jurisdiction to do so.
>
> Ohio law prohibits the imposition of any sentence that is not expressly provided for by statute, and abrogates any common law crimes and penalties. The severance in *State v. Foster* (2006), 109 Ohio St.3d 1 and excision in their entirety to render them of no further effect, of both of the statutes that vested subject matter jurisdiction to impose consecutive sentences, renders any such sentence a nullity and void and violative of due process.

However, petitioner has failed to raise any issue warranting federal habeas corpus relief. Petitioner asserts that, in view of *Foster*, the state court lacked subject matter jurisdiction under Ohio law to impose consecutive sentences, rendering his sentence void. Though he couches his claim in terms of the denial of due process, petitioner raises an issue regarding the alleged violation of state law only. However, a federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(e). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 1 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge