IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON KEITH WILLIAM BARKER,   CASE NO. 2:09-cv-325
                              JUDGE SARGUS
Petitioner,                   MAGISTRATE JUDGE KEMP

v.

TIMOTHY BRUNSMAN, Warden,

Respondent.

## OPINION AND ORDER

On May 1, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In this federal habeas corpus petition, petitioner asserts that the trial court's imposition of consecutive sentences after the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)(excising fact finding provisions of Ohio's sentencing statutes as unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004)), denied him due process because the trial court lacked statutory authority after *Foster* to impose consecutive terms of incarceration. The Magistrate Judge recommended dismissal of this claim as failing to present an issue of constitutional magnitude. Petitioner objects to the Magistrate Judge's recommendation. He contends that the trial court's imposition of consecutive

sentences was fundamentally unfair, thus violating the Due Process Clause. *See Objections*.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. This Court agrees that petitioner has failed to present any claim warranting federal habeas corpus relief. Petitioner's claim necessarily involves interpretation of state law. Further, petitioner has not referred to, and this Court is unaware of, any decisions of the United States Supreme Court indicating that he is entitled to relief. Pursuant to 28 U.S.C. §2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> The AEDPA limits the source of law to cases directed by the United States Supreme Court. 28 U.S.C. § 2254(d) prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir.1998).
>
> To justify a grant of habeas relief under § 2254(d), a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its *dicta*, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). The Supreme Court in *Williams* held that a

2

> decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*

*Williams v. Lavigne,* 2006 WL 2524220 (W.D. Michigan August 30, 2006). Such are not the circumstances here.

Additionally, the Ohio Supreme Court in *State v. Bates,* 118 Ohio St.3d 174, 179 ()2008), rejected petitioner's argument that Ohio courts lack jurisdiction, after *Foster,* to impose consecutive sentences:

> The severance and excision of former R.C. 2929.14(E)(4) and former R.C. 2929.41(A) in their entirety by *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph four of the syllabus, leaves no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion beyond the basic "purposes and principles of sentencing" provision articulated and set forth in R.C. 2929.11 and 2929.12. As a result, the common-law presumptions are reinstated. 73 American Jurisprudence 2d (2007), Statutes, Section 271 (the repeal of a statute that abrogates the common law operates to reinstate the common-law rule). Such a conclusion is also consistent with the perspective of the Ohio Criminal Sentencing Commission, which opined that after *Foster,* judges have broader discretion

3

> within felony ranges to impose definite and consecutive sentences. *Diroll, A Decade of Sentencing Reform, A Sentencing Commission Staff Report* (Mar.2007) 19. In particular, "[j]udges are no longer guided to give concurrent sentences unless circumstances argue that consecutive sentences are more appropriate." *Id.*
>
> Accordingly, the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently, and we hold that the trial court may impose a prison sentence to be served consecutively to a prison sentence imposed on the same offender by another Ohio court. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus; Stewart, 174 Ohio St. at 181, 22 O.O.2d 116, 187 N.E.2d 888.

*Id.*[1] The federal Due Process Clause is ordinarily not implicated when a state court imposes consecutive sentences in a manner that appears to be authorized by state law, and there are not circumstances present in this case which suggest any federal due process violation.

As discussed by the Magistrate Judge, a federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the constitution, laws or treaties of the United States. 28 U.S.C. §2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v.*

---

[1] Although the precise issue before the Ohio Supreme Court in *Bates* was "whether, after *Foster*, a trial court imposing a sentence for a new felony conviction may order that sentence to be served consecutively to a sentence previously imposed for a separate felony conviction in a different Ohio court," and the Ohio Supreme Court concluded that it could, the parties in *Bates* agreed that a trial court could impose consecutive prison terms on multiple felony convictions adjudicated in the same proceeding, which is the issue challenged by petitioner herein. *Bates, supra*, 118 Ohio St.3d at 176. Therefore, *Bates* does not support petitioner's argument.

4

*Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Contrary to petitioner's contention, the record fails to reflect such circumstances here. For the foregoing reasons, and for reasons discussed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner's claim lacks merit.

Therefore, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

6-4-2009

EDMUND A. SARGUS, JR.
United States District Judge